IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO ORTIZ RODRIGUEZ ) | |
| ) | |
| v. ) | 3-07-CV-1830-D |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice ) | |
| Correctional Institutions Division ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Darrington Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Rosharon, Texas, serving a conviction for the offense of aggravated sexual assault of a child.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated sexual assault of a child under the age of 14 years as charged in the indictment returned in No. F-03-58422-K, Rodriguez was tried by a jury which returned a verdict of guilty. The trial court sentenced him to a term of 30 years imprisonment.

He filed a notice of appeal, but his court-appointed appellate lawyer filed a motion to

withdraw from a frivolous appeal (an *Anders* brief). The Fifth Court of Appeals agreed and affirmed the judgment with a slight modification. Subsequently Rodriguez filed a *pro se* application for habeas corpus relief pursuant to art. 11.07, which was denied by the Texas Court of Criminal Appeals on September 12, 2007. He filed the present petition on October 31, 2007, the date on which he signed it and presumably placed it in the prison mail system.

**Findings and Conclusions**: In his first ground Rodriguez claims that he was denied effective assistance of counsel by his trial attorney in failing to obtain an election from the State on the offense for which he was tried and in failing to object to the admission of other instances of sexual misconduct in which he engaged with the minor victim.

Ineffective assistance of counsel claims are governed by the two-part test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), in which the Court stated:

> First, the defendant must show that ... counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense ... Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown of the adversary process that renders the result unreliable.

As set out in the indictment, Petitioner was charged with aggravated assault of a child under the age of 14 years which was alleged to have occurred on or about September 13, 2001. *See* No. 05-05-00941-CR, Record, Vol. 1 at 02. Prior to trial the prosecution gave notice of six additional offenses, including three involving the minor victim which it proposed to use in the State's case-in-chief. *Id.* at 31. In fact, the three extraneous sexual offenses were elicited in the victim's testimony at trial.

The prosecution complied with the applicable Texas state law. *See* Texas Code of Criminal Procedure, art. 37.07, § 3(g) - notice of intended use of other criminal conduct and art. 38.37 -

admissibility of extraneous acts when sexual offense victim is under the age of 17 years. There simply was no meritorious basis on which Rodriguez's trial attorney could have objected to the admission of this evidence. *See also Story v. Collins,* 920 F.2d 1247 (5th Cir. 1991). The Sixth Amendment does not require an attorney to assert meritless objections. *See e.g. United States v. Kimler,* 167 F.3d 889, 893 (5h Cir. 1999).

In Ground Two, Rodriguez claims that a member of the petit jury, Lucy Wilches, was biased and partial. The record shows that Ms. Wiches along with ten other members of the jury venire indicated misgivings about their ability to be fair and impartial in this kind of case (sexual abuse of a child). *See* Reporter's Record, Vol. 2 at 68-69. After the prosecutor and defense counsel completed their examination of the jury panel, the judge called up three panel members individually for questioning. *Id.* at 157. After questioning the first two, the judge asked Ms. Wilches about her previous responses and her ability to give the case her full and fair attention. *Id.* at 161-162. Her answers removed the ambiguity of her previous responses and she was neither stricken for cause nor by peremptory challenge, as a result of which she served on the petit jury. Petitioner's speculation without more is insufficient to overcome the veracity of Ms. Wilches's statements under oath. Therefore, he has failed to establish that she was not a fair and unbiased juror. *Soria v. Johnson*, 207 F.3d 232, 240-41 (5th Cir. 2000).

Petitioner next alleges that the prosecutors engaged in constitutionally proscribed misconduct. He first claims that the prosecutors "knew" that Ms. Wilches was biased. For the reasons set out above this contention is patently lacking in merit. He next claims that the prosecutors interviewed a minor against the wishes of his mother. The minor, Michael Saenz, a cousin of the victim, was called by the prosecution in its case-in-chief. Reporter's Record, Vol. 3

3

at 161, *et seq.* In the course of direct examination, Michael related that he had spoken with the prosecutor and an investigator prior to trial and had told them about in incident between the victim and Petitioner when he, Michael, was about six years old. No questions were asked of him with respect to whether he was testifying voluntarily or under subpoena or whether his mother wanted him to become involved. In later testimony given by the investigator, B.W. Smith, it was suggested that Michael and his mother did not come to the investigator's office because the mother didn't want Michael involved. Reporters' Record, Vol. 4 at 7-8. Irrespective of what Michael's mother's wishes may have been, seeking out a prospective witness and presenting his testimony at trial is not improper.

Finally, he complains that the victim and Michael discussed the incident, he had observed in which Petitioner and the victim were engaged, on the first day of trial. Any such discussions took place **before** the rule was invoked and after the victim had begun her testimony in the prosecution's case-in-chief. Reporter's Record, Vol. 3 at 10-11. The claim of prosecutorial misconduct is similarly wholly lacking in merit.

As his final ground for relief Rodriguez claims that the evidence does not support the jury's guilty verdict.[1] *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), sets out the standard under which

---

[1] If this ground claims nothing more than that Petitioner is factually innocent of the crime of aggravated sexual assault of a child, it is well-established that such a ground fails to allege a cognizable claim for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390 (1993), and *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), cert. denied 532 U.S. 915 (2001).

legal insufficiency claims are decided.² The issue to be addressed is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Since it is clear that the evidence presented satisfies this standard, relief on the fourth ground should be denied.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 17th day of July, 2008.

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

²Although the Court of Criminal Appeals ordinarily will not review sufficiency of the evidence claims in a post-conviction proceeding, *see e.g. Clark v. State of Texas,* 788 F.2d 309 (5th Cir. 1986), in the instant case the court denied relief without written order. *See* Application No. WR-68,295-01, at cover.